UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| W.A., *et al.*,<br><br>           Plaintiffs,<br><br>      v.<br><br>DANIELLE LEHMAN, *et al.*,<br><br>           Defendants. | No. 2:24-cv-00849-JHC<br><br>STIPULATED MOTION TO HOLD CASE IN ABEYANCE AND ORDER<br><br>Noted for Consideration:<br>August 15, 2024 |

Plaintiffs bring this litigation pursuant to the Administrative Procedure Act seeking, *inter alia*, to compel U.S. Citizenship and Immigration Services ("USCIS") to (1) schedule interviews for Plaintiffs who have a pending Form I-589, Application for Asylum and for Withholding of Removal ("asylum application"), and have not yet been scheduled for an interview and (2) adjudicate Plaintiffs' asylum applications. Defendants' response to the Complaint is currently due on August 19, 2024. Plaintiffs and Defendants (collectively "the Parties") are working towards a resolution of this matter. For good cause, the Parties request that the Court (1) hold this case in abeyance until December 17, 2024 and (2) vacate its Order Regarding Initial Disclosures and Joint Status Report. Dkt. No. 6.

1  Courts have "broad discretion" to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706
2  (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to
3  control the disposition of the causes on its docket with economy of time and effort for itself, for
4  counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Fed. R. Civ.
5  P. 1.

6  With additional time, this case may resolve without the need for further judicial intervention.
7  USCIS has adjudicated asylum applications for three Plaintiffs. USCIS has also scheduled asylum
8  interviews for four Plaintiffs, with interviews to take place on September 17, 2024, and September
9  20, 2024. USCIS is in the process of scheduling asylum interviews for the remaining five Plaintiffs
10 who have not yet been assigned interview dates; USCIS will complete scheduling shortly and will
11 schedule interviews for the remaining five Plaintiffs with interview dates no later than November
12 1, 2024.

13 USCIS agrees to diligently work towards completing the adjudication of Plaintiffs' asylum
14 applications within 120 days of their interviews, absent unforeseen or exceptional circumstances
15 that would require additional time for adjudication. If adjudication is not completed within 120
16 days from the date of Plaintiffs' interviews, USCIS will provide a status report to the Court. To
17 the extent possible, USCIS will also provide Plaintiffs with information as to any adjudication
18 delay beyond 120 days from the interview date. Plaintiffs, by this stipulated motion, are not
19 waiving their rights to seek judicial intervention in the event of adjudication delays beyond 120
20 days from the date of the interview. In line with relevant USCIS policy, if USCIS ultimately
21 approves a Plaintiff's asylum application, it will contemporaneously, or as expeditiously as
22 possible, send notice of the approval to the appropriate USCIS service center or office to initiate
23 the production of the Employment Authorization Document.

24

As to the interview, Plaintiffs will submit all supplemental documents and evidence, if any, to USCIS seven to ten days prior to the interview date. Plaintiffs recognize that the failure to submit documents prior to the interview may require the interview to be rescheduled and the adjudication delayed. If needed, Plaintiffs will bring an interpreter to the interview; otherwise the interview will need to be rescheduled, and the adjudication will be delayed.

Accordingly, the Parties request this abeyance to allow USCIS to schedule and conduct Plaintiffs' asylum interviews and then process their asylum applications.

As additional time is necessary for this to occur, the Parties request that the Court hold the case in abeyance until December 17, 2024. The Parties will submit a joint status report on or before December 17, 2024. The Parties further request that the Order Regarding Initial Disclosures and Joint Status Report be vacated. Dkt. No. 6.

Dated: August 15, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

SAMUEL P. GO
Assistant Director

s/ Ian S. Lam
IAN S. LAM (DC Bar No. 90017495)
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-6329
Facsimile: (202) 305-7000
E-mail: Ian.S.Lam@usdoj.gov

*Attorneys for Defendants*

*I certify that this memorandum contains 577 words, in compliance with the Local Civil Rules.*

s/ *Devin T. Theriot-Orr (with permission)*
DEVIN T. THERIOT ORR
Open Sky Law, PLLC
20415 72nd Ave S., Ste 110
Telephone: (206) 962-5052
Facsimile: (206) 681-9663
E-mail: devin@opensky.law

s/ *Whitney C. Wootton (with permission)*
WHITNEY C. WOOTTON
Open Sky Law, PLLC
20415 72nd Ave S., Ste 110
Telephone: (206) 962-5052
Facsimile: (206) 681-9663
E-mail: whitney@opensky.law

*Attorneys for Plaintiffs*

**ORDER**

The case is held in abeyance until December 17, 2024. The Parties shall submit a joint status report on or before December 17, 2024. The Order Regarding Initial Disclosures and Joint Status Report is vacated. Dkt. No. 6.

It is so **ORDERED**.

DATED this 15th day of August, 2024.

JOHN H. CHUN
United States District Judge